IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-19-00078-001-G |
| | ) |
| ANTHONY WHITTLEY, ET AL., | ) |
| | ) |
| Defendant. | ) |

## NON-PARTY MOTION AND BRIEF IN SUPPORT FOR ENTITLEMENT TO RESTITUTION PURSUANT TO 18 U.S.C. §3664

COMES NOW Marysville Mutual Insurance Company ("Marysville Mutual"), by and through counsel Norman R. Kelly of Norton, Wasserman, Jones & Kelly of Salina, Kansas, and Ryan J. Reaves of Mullins, Mullins, Sexton & Reaves of Oklahoma City, Oklahoma, who moves the Court for an order declaring and finding it is entitled to Restitution pursuant to 18 U.S.C. §3664(j)(1). In support, movant states the following:

**I.   BACKGROUND**

On December 19, 2019, this Court ordered Defendant Jasmine Boone a/k/a Jasmine Thomas to pay restitution to Carl and Richard Wood in the amount of $17,115.43 for an offense that occurred on or around September 22, 2018, a copy of which is attached hereto as Exhibit A. This Court subsequently ordered Defendant Anthony Whittley, Boone's co-defendant, to be responsible for the same restitution, jointly and severally, for an offense

that occurred on or around September 22, 2018, a copy of which is attached hereto as Exhibit B.

Carl Wood maintained a farmowners insurance policy with Marysville Mutual to insure him for the loss of any livestock, for which a copy of the renewal is attached hereto as Exhibit C. Mr. Wood instituted a claim and was paid compensation by Marysville Mutual for the loss of twenty-three (23) livestock on January 9, 2019, for the total of $11,500.00, for which a copy of the check is attached hereto as Exhibit D. Carl and Richard Wood have since received at least $345.58 as ordered by this Court as part of the Restitution Order, for which copies of those checks are attached hereto as Exhibit E.

## II.     ARGUMENT AND AUTHORITIES

The Victim and Witness Protection Act (VWPA), as amended by the Mandatory Victim Restitution Act (MVRA), gives the courts the authority to order defendants to make restitution to victims. See 18 U.S.C. §3663(a)(1)(A). Section 3664(j)(1) provides that "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." 18 U.S.C. §3664(j)(1). A third-party provider of compensation need not be considered a victim under the MVRA to receive restitution. *United States v. Stile*, No. 1:11-CR-00185-JAW, 2017 WL 5586370 at *10 (D. Me. Nov. 20, 2017) (*citing United*

*States v. Mintz*, No. 5:09-CR-194-FL, 2010 WL 3075477 at *6-7 (E.D.N.C. Aug. 5, 2010)). The purpose of §3664(j)(1) is to avoid a "windfall to the victim if the victim received both insurance and restitution payments for the same loss." *Id.*

In *United States v. Mintz*, two providers of compensation sought to receive restitution from the defendant at the time the original Restitution Order was considered by the court. No. 5:09-CR-194-FL, 2010 WL 3075477 at *3 (E.D.N.C. Aug. 5, 2010) (A copy of which is attached hereto as Exhibit F). The court found, in accordance with §3664(j)(1), that the providers of compensation would not be entitled to restitution until the victims, all of which received compensation from these providers, had been "paid and satisfied in full." *Id* at *4. The court then incorporated the providers of compensation in the Restitution Order, but made them second in priority by stating: "No payments, however, shall be made to either [providers of compensation] until all other victims have been fully compensated." *Id.*

In this case, Carl and Richard Wood lost cattle as a result of the crimes and theft perpetrated by Defendants, and have been designated as victims entitled to restitution by this Court. The Court ordered restitution of $17,115.43 be paid to Carl and Richard Wood by Defendants, jointly and severally, in this case. Carl Wood, however, received $11,500.00 as a payout from his claim with Marysville Mutual. Carl and Richard Wood have also received restitution payments totaling at least $345.58.

Carl and Richard Wood have not yet been "made whole" under the Restitution Order. The compensation provided by Marysville Mutual, when combined with the restitution

payments the Woods have received, does not yet satisfy the amount ordered by the Court. Therefore, Marysville Mutual asks the Court to be designated as a provider of compensation under §3664(j)(1), and be listed second in priority to Carl and Richard Wood to receive restitution payments from Defendants for the amount of $11,500.00.

### III. Conclusion

Marysville Mutual should be considered a provider of compensation under §3664(j)(1) of the MVRA and be entitled to restitution. Marysville Mutual provided compensation to Carl Wood for the same loss for which the Restitution Order in this case was issued. As Carl and Richard Wood have not yet been made whole by payments under the Restitution Order, the Restitution Order should be amended such that Marysville Mutual will be entitled to $11,500.00 in restitution after Carl and Richard Wood have received $5,615.43 in restitution payments.

WHEREFORE, Marysville Mutual Insurance Company prays the Court grant its Motion for Entitlement to Restitution and grant such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED:

NORTON, WASSERMAN, JONES & KELLY, L.L.C.
213 S. Santa Fe
P.O. Box 2388
Salina, Kansas  67402-2388
(785) 827-3646
Fax: (785) 827-0538
E-mail: nrk@nwjklaw.com

By: /s/Norman R. Kelly
Norman R. Kelly
SC# 10639
Attorneys for Marysville Mutual Insurance Company



Mullins Mullins Sexton & Reaves
6307 Waterford Blvd.
Suite 215
Oklahoma City, Oklahoma 73118
(405) 235-2335
Fax: (405) 232-7930
E-mail:rreaves@mmsrlaw.com

By:/s/Ryan J. Reaves
Ryan J. Reaves
#22282
Attorneys for Marysville Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2021, I electronically filed the foregoing Non-Party's Motion and Brief in Support for Entitlement to Restitution Pursuant to 18 U.S.C. §3664, with the Clerk of the Court by using PACER and will submit notice by certified mail as authorized by 12 OK Stat § 12-2004 to:

> Carl and Richard Wood
> 1153 S. 220 Street
> Pittsburg, Kansas 66762

/s/Norman R. Kelly
Norman R. Kelly


/s/Ryan J. Reaves
Ryan J. Reaves