Exhibit F

2010 WL 3075477
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District
Court, E.D. North Carolina,
Western Division.

UNITED STATES of America,

v.

Christopher B. MINTZ, Defendant.

No. 5:09–CR–194–FL.
|
Aug. 5, 2010.

**Attorneys and Law Firms**

Clay Wheeler, U.S. Attorney's Office, Raleigh, NC, for Plaintiff.

F. Hill Allen, IV, Roger William Smith, Tharrington Smith, Raleigh, NC, for Defendant.

RESTITUTION ORDER

LOUISE W. FLANAGAN, Chief Judge.

**\*1** As set forth in judgment entered February 11, 2010, defendant pleaded guilty to one count of fraud by an investment advisor in violation of 15 U.S.C. §§ 80b–6, 80b–17. He was sentenced to forty-eight (48) months imprisonment and ordered to pay restitution in the amount of $1,237,754.97. At sentencing, the court left open the identity of payees and breakdown of payment for restitution.[1] On July 26, 2010, the court reconvened hearing to make a final determination regarding restitution pursuant to 18 U.S.C. § 3664. This order memorializes the court's decision as to restitution in the matter.

**BACKGROUND**

At hearing, Roger W. Smith, counsel for defendant[2] was in attendance together with Clay Wheeler, Assistant United States Attorney. Also in attendance was Jenna F. Butler,[3] counsel for the Ida Mintz Trust, FMJ Holdings, Inc., Frederick Mintz Marital Trust, LMN Investments, Inc., and TLM Investments, Inc. (collectively "Mintz victims"). Jennifer D. Maldonado, counsel for LPL Financial Corporation ("LPL"), appeared also on behalf of Federal Insurance Company.

Numerous agreements variously made reference to during the course of the hearing include the following:

The plea agreement in which the government and defendant stipulate to restitution in the amount of $1,237,754.97 (DE # 7);

The agreement between LPL and defendant in which defendant agrees to repay LPL $560,000.00;[4]

The settlement agreement between LPL and the Mintz victims in the amount of $1,000,000.00;[5]

The insurance policy between LPL and Federal Insurance Company which obligates the former to repay any amount it recoups from the settlement agreement above the deductible paid.[6]

Conflicting accounts of loss were also before the court. The Mintz victims represent their loss from unauthorized transactions is $1,186,425.76. (Kingman Aff. ¶ 7.) With attorneys' fees, accountant fees, and penalty fees to date, the Mintz victims represent their loss is now $1,245,505.03. (*Id.*) The Mintz victims represent the loss has been borne by the individual entities in the following shares: the Ida Mintz Trust, 31.3%; FMJ Holdings, Inc., 26.4%; Frederick Mintz Marital Trust, 20.3%; LMN Investments, Inc., 15.6%; and TLM Investments, Inc., 6.4%. (*Id.* ¶ 10.) LPL represents the Mintz victims suffered a loss of $878,971.37 from defendant's unauthorized withdrawals, and LPL suffered a loss of $982,000.00 from the settlement. (Carpenter Aff. ¶¶ 8, 22.) LPL disputes whether one transaction involving a transfer of $205,471.81 from the Frederick Mintz Marital Trust was unauthorized. (Id. Ex. A .) At hearing, all other parties agreed that such withdrawal was unauthorized. In the plea agreement, defendant and the

EXHIBIT
F

2021 Thomson Reuters. No claim to original U.S. Government Works.

government stipulated that the total loss and restitution is $1,237,754.97.

## COURT'S DISCUSSION

### A. Legal Standard

The Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires certain defendants, including those who perpetrate a fraud against property, to make restitution to victims. The MVRA defines a "victim" as

> **\*2** a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2). "[T]o show that one is a victim under the MVRA, the government must show both that the defendant's conduct is the 'but-for' cause of the individual's harm and that the defendant 'proximately' caused the harm." *United States v. Speakman,* 594 F.3d 1165, 1171 (10th Cir.2010). One is not a "victim" for purposes of § 3663A(a)(2) merely because the party suffered a causally related or derivative loss as a result of the crime. *See United States v. Shepard, 269 F.3d* 884, 886–87 (7th Cir.2001).

Restitution awards pursuant to the MVRA are also subject to 18 U.S.C. § 3664(j)(1), which provides:

> [i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation. Courts often treat these statutes as two alternatives for recovery.

*See, e.g., Speakman,* 594 F.3d at 1174 n. 6; *United States v. Robertson,* 493 F.3d 1322, 1333–36 (11th Cir.2007); *United States v. Romine,* 37 F. App'x 583, 584 (3d Cir.2002) (unpublished). In other words, a third party may receive compensation pursuant to §

3664; it is not necessary that the third party also be defined as a victim pursuant to § 3663A.

The amount of loss is calculated pursuant to 18 U.S.C. § 3663A(b)(1)(B). Loss is the greater of the value of the property on the date of loss or at sentencing less the value of any part of the property that is returned. Restitution should also "reimburse the victim for lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663(b)(4). Consequential fees are not included in the restitution calculation. *United States v. Mullins,* 971 F.2d 1138, 1147 (4th Cir.1992). There is some disagreement as to whether attorneys' and investigation fees should be included in the restitution calculation, though *Mullins* remains the published Fourth Circuit case which is most applicable. *See United States v. Okun,* Criminal No. 3:08cr132, 2009 WL 2365979 (E.D.Va.2009) (collecting cases and discussing the Fourth Circuit's varied history).

### B. Analysis

#### 1. Identifying the Victims

Here, the estate of Frederick Mintz, Sr., the estate of Ida Mintz, FMJ Holdings, LMN Investments, and TLM Investments are the victims of defendant's crime as they were directly harmed by his crime. Said parties directly were harmed in defendant's financial fraud when defendant transferred money out of these accounts for his own personal use. Additionally, defendant was the proximate cause of their harm as there was neither an intervening nor superceding cause of harm.

**\*3** LPL and Federal Insurance Company are not victims of defendant's crime as the term "victim" is defined by § 3663A(a)(2). Nonetheless, both LPL and Federal Insurance Company are entitled to reimbursement as third-party providers of compensation under § 3664(j)(1).

#### 2. Determining the Amount of Loss

Defendant and the government stipulate the appropriate amount of restitution is $1,237,754.97, and

the court earlier accepted this stipulation, and relied on same, at time of sentencing. The court declined to revisit this amount as requested by the Mintz victims, who seek a higher amount, above the loss of $1,237,754.97, to reflect additional consequential losses of or relating to attorneys' fees. Such fees are consequential and should not be included in determining restitution. Moreover, these fees are not the type of "other expenses" contemplated by § 3663(b)(4). Moreover, as noted, the court has discounted LPL's argument that a reduced amount would be appropriate, in recognition that at least one transaction at issue was a legitimate transfer.

For all of these reasons, where the court properly determined $1,237,754.97 was the appropriate amount of restitution, subject to certain credits, the court turns its attention more particularly to apportionment of the losses sustained.

### 3. Apportioning the Loss

Double recovery is not permissible. Thus, the court must determine the extent to which each victim already has been compensated. While several agreements were discussed at hearing regarding obligations of certain entities or persons to provide compensation, which agreements earlier were listed for ease of reference, only a limited set of issues concerning their interpretation are before the court in this criminal case.

The court has recognized, as the government also agreed at hearing, that the entities and persons involved here privately may contract to reach outcomes possibly different from that which the restitution statutes would determine.[7] Similarly, the agreements memorializing their determinations do not bind the court to reach any particular restitution determination. However, as to amounts paid under them, of or relating to the harms suffered as a result of defendant's actions for which restitution must be paid, the court must decide whether defendant is entitled to any credits.

The court has made the following restitution determinations. Regarding the Mintz victims, defendant owes them restitution in the amount of $237,754.97, which equates to the total restitution loss less the $1,000,000.00 they already received from LPL and Federal Insurance Company. This amount shall be divided among the victims in the following *pro rata* shares: the Ida Mintz Trust, 31.3%; FMJ Holdings, Inc., 26.4%; Frederick Mintz Marital Trust, 20.3%; LMN Investments, Inc., 15.6%; and TLM Investments, Inc., 6.4%. As the $1,000,000.00 settlement was funded by LPL in the amount of $250,000 .00 and Federal Insurance Company in the amount of $750,000.00, each is entitled to compensation in these amounts.

**\*4** As defendant already has paid LPL $18,000.00, the remaining amount it is owed in restitution is $232,000.00. In accordance with § 3664(j)(1), LPL and Federal Insurance Company shall not be paid through the court any amount until the remaining amounts in restitution owed by defendant to the Mintz victims have been paid and satisfied in full.

### CONCLUSION

IT IS ORDERED that the defendant make restitution to the following victims in the following amounts:

| Victim Name | Victim Address | Amount Owed |
| --- | --- | --- |
| Ida Mintz Trust | c/o Jenna Butler | $74,417.30 |
| | Ward and Smith, P.A. | |
| | P.O. Box 7068 | |
| | Wilmington, North Carolina 28406–7068 | |
| FMJ Holdings, Inc. | c/o Jenna Butler | $62,767.31 |
| | Ward and Smith, P.A. | |

|  | P.O. Box 7068 | |
|  | Wilmington, North Carolina 28406–7068 | |
| Frederick Mintz Marital Trust | c/o Jenna Butler | $48,264.26 |
|  | Ward and Smith, P.A. | |
|  | P.O. Box 7068 | |
|  | Wilmington, North Carolina 28406–7068 | |
| LMN Investments, Inc. | c/o Jenna Butler | $37,089.78 |
|  | Ward and Smith, P.A. | |
|  | P.O. Box 7068 | |
|  | Wilmington, North Carolina 28406–7068 | |
| TLM Investments, Inc. | c/o Jenna Butler | $15,216.32 |
|  | Ward and Smith, P.A. | |
|  | P.O. Box 7068 | |
|  | Wilmington, North Carolina 28406–7068 | |
| LPL Financial Corporation | c/o Jennifer Carpenter | $232,000.00 |
|  | One Beacon Street, 22nd Floor | |
|  | Boston, MA 02108–3106 | |
| Federal Insurance Company | c/o Chubb Group | $750,000.00 |
|  | P.O. Box 1616 | |
|  | Warren, NJ 07059 | |
|  | Claim No.: 82124126 | |
|  | Attn: Kizmet Jackson, Fidelity Claims | |
|  | Examiner | |

Amounts above total the sum of $1,219,754.97. Any payment made that is not payment in full shall be divided proportionately among the victim(s) named. No payments, however, shall be made to either LPL or Federal Insurance Company until all other victims have been fully compensated. The court finds that the defendant is without the ability to pay interest so interest is, therefore, waived.

Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $500 per month to begin sixty (60) days after the defendant's release from prison.

At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule. Additionally, any payments defendant makes of or relating to the harm at issue shall be credited against the obligations set forth herein.

The clerk is DIRECTED to file the following submissions referenced herein under seal: letter of Auley M. Crouch, III, dated July 19, 2010, with attachments; letter of Alice W. Meyers, dated July 19, 2010, with attachments; and letter of Jenna F. Butler, dated July 19, 2010, with attachments.

**\*5** SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3075477

Footnotes

1    At sentencing on February 11, 2010, information showed LPL Financial Corporation ("LPL"), which is defendant's former employer, and the account holders from whom defendant had embezzled funds reached a civil settlement in the amount of $1,000,000.00. The presentence investigation report also revealed defendant and LPL reached a separate agreement in which defendant promised to repay LPL $560,000.00. The explicit terms and surrounding details of these agreements, such as the basis of liability, were unclear at time of sentencing. The court declined to make a final restitution determination at that time. Instead, the parties were ordered to provide further information to the court within ninety (90) days.

2    Defendant waived his right to appear at hearing. (DE # 29.)

3    Ms. Butler also represents Theresa Lou Mintz and Lisbeth Marie Norcross, who are the beneficiaries of the above accounts. Frederick Mintz, Jr., the other beneficiary of the above accounts, is represented by Auley M. Crouch, III. Mr. Crouch's attendance at hearing was excused.

4    This agreement was not part of the record, but Ms. Butler acknowledged at hearing the existence of the agreement and that said agreement was a prerequisite for LPL entering any settlement agreement with the Mintz victims. According to Ms. Maldonado, defendant has defaulted on the agreement but paid $18,000.00 prior to default. These representations are undisputed.

5    This agreement was submitted by Ms. Maldonado and is made part of the record. (Carpenter Aff. Ex. B.) LPL contributed $250,000.00 and Federal Insurance company contributed $750,000.00. (*Id.* ¶¶ 15, 16.)

6    This policy is not part of the record. At hearing, Ms. Maldonado represented the above obligations under the policy.

7    For example, defendant already is obligated by contract to make payments to LPL. This result is somewhat inconsistent with 18 U.S.C. § 3664(j)(1) as that statute provides victims be paid in full before a third-party, such as LPL, is paid. As a result, defendant will face immediate simultaneous obligations to pay the Mintz victims, per order of the court, and LPL, per any contractual obligation.

**End of Document**                    © 2021 Thomson Reuters. No claim to original U.S. Government Works.