# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-19-78-G |
| | ) |
| ANTHONY WHITTLEY and | ) |
| JASMINE BOONE, | ) |
| a/k/a Jasmine Thomas, | ) |
| | ) |
| Defendants. | ) |

## ORDER

In the Judgment and Commitment for Defendant Anthony Whittley ("Whittley J&C," Doc. No. 77, entered Mar. 20, 2020) and the Judgment and Commitment for Defendant Jasmine Boone ("Boone J&C," Doc. No. 68, entered Dec. 20, 2019), the Court ordered Whittley and Boone to each pay restitution to "Carl W. and Richard W."[1] in the amount of $17,115.43. *See* Whittley J&C at 6; Boone J&C at 6. The liability of Whittley and Boone as to "Carl W. and Richard W." was joint and several. *See* Whittley J&C at 7; Boone J&C at 7.

Now before the Court is the Motion (Doc. No. 82) submitted by nonparty Marysville Mutual Insurance Company ("MMIC") requesting that the Court amend the orders of restitution reflected in these judgments, such that the $17,115.43 awarded to "Carl W. and Richard W." be reduced to $5,615.43, and that MMIC be awarded the remaining $11,500.

---

[1] The Court uses the identifier "Carl W. and Richard W." that is reflected in both the Judgment and Commitment for Anthony Whittley (Doc. No. 77) and the Judgment and Commitment for Jasmine Boone (Doc. No. 68).

*See* Mot. at 4.  The relief requested would not increase or decrease the total restitution owed by Whittley or Boone, but it would apportion some of the amount designated for "Carl W. and Richard W." to MMIC in light of a related insurance benefit of $11,500 paid to Carl W. by MMIC.  *See id.* at 2-4.

Amending the respective orders of restitution would require the Court to amend the Whittley J&C and the Boone J&C.  MMIC suggests that such amendment is permissible under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663A-3664, which provides in relevant part:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

*Id.* § 3664(j)(1).  With its Motion, MMIC presents proof of its payment to "Carl W." of $11,500 on January 9, 2019.  *See* Mot. Ex. 4 (Doc. No. 82-4) at 2.

In its Motion, MMIC certifies that, in addition to serving its filing through electronic notification to the attorneys in this matter, it served a copy by certified mail on the victims identified as "Carl W. and Richard W."  *See* Mot. at 5.  No response has been submitted to the Court by either of these individuals or by either Defendant.  The Government has responded, stating that it does not object to the relief requested and, further, that the victims have not contacted the Office of the United States Attorney to communicate any objection to the relief requested.  *See* Gov't Resp. (Doc. No. 86) at 1-2.

Nevertheless, the Court must deny the requested relief.  The provision of the

MVRA cited by MMIC, § 3664(j)(1), does not expressly authorize postjudgment modification of a restitution order in the event of a victim's receipt of insurance compensation. *See* 18 U.S.C. § 3664(j)(1). In this regard, § 3664(j)(1) is distinct from 18 U.S.C. § 3664(j)(2), which states that a restitution payment "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in" a federal or state civil proceeding. *Id.* § 3664(j)(2).

Further, a district court's general authority to modify a restitution order after entry of the relevant judgment is strictly circumscribed by the MVRA, as explained by the Tenth Circuit in *United States v. Wyss*:

> Congress through its enactment of the MVRA set up a specific and detailed scheme addressing the issuance and modification of restitution orders arising out of criminal prosecutions. The mechanism for the issuance and enforcement of orders of restitution entered pursuant to § 3663A is set forth in 18 U.S.C. § 3664. Subsection (*o*) of the latter statute provides the means by which an order of restitution may be altered:
>
>> (*o*) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>>
>>> (1) such sentence can subsequently be—
>>>
>>>> (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>>>>
>>>> (B) appealed and modified under section 3742;
>>>>
>>>> (C) amended under subsection (d)(5); or
>>>>
>>>> (D) adjusted under section 3664(k)[,] 3572, or 3613A; or
>>>
>>> (2) the defendant may be resentenced under section 3565 or 3614.
>
> 18 U.S.C. § 3664(*o*).

*Wyss*, 744 F.3d 1214, 1217-18 (10th Cir. 2014). Here, as in *Wyss*, the movant "offers no persuasive argument that might suggest any of § 3664(*o*)'s enumerated exceptions apply." *Id.* at 1218; *see also id.* (summarizing the exceptions prescribed in § 3664(o)(1)(A)-(D)

and § 3664(o)(2)). Absent authority that would allow the Court to alter the judgments entered as to Whittley and Boone, and specifically the orders of restitution set forth therein, the Motion submitted by MMIC must be denied.[2]

## CONCLUSION

The Motion (Doc. No. 82) submitted by Marysville Mutual Insurance Company seeking amendment of the orders of restitution set forth in the Judgment and Commitment for Defendant Anthony Whittley and the Judgment and Commitment for Defendant Jasmine Boone is DENIED.

IT IS SO ORDERED this 8th day of December, 2021.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] Even if the Court were to construe the MVRA as authorizing postjudgment modification of a restitution order based on a victim's *postjudgment* receipt of insurance compensation, that authorization would be unavailing to MMIC. The January 2019 insurance payment was made many months prior to entry of the judgments at issue here. In such circumstances, a motion to correct clear error might have been properly submitted pursuant to Federal Rule of Criminal Procedure 35(a), but the time for such a correction is restricted to within 14 days of sentencing. *See* Fed. R. Crim. P. 35(a) (authorizing district court to "correct a sentence that resulted from arithmetical, technical, or other clear error"); *see also* 18 U.S.C. § 3664(o)(1)(A). MMIC does not explain why it did not raise the issue of secondary compensation being owed it under § 3664(j)(1) prior to the Boone J&C being entered on December 20, 2019, or the Whittley J&C being entered on March 20, 2020, or why MMIC did not seek correction under Rule 35(a) within 14 days of entry of those judgments.